UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC HEALTH REFORM ALLIANCE,<br>c/o Binnall Law Group<br>717 King Street, Suite 200<br>Alexandria, Virginia 22314<br><br>     *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>c/o General Counsel<br>200 Independence Avenue, S.W.,<br>Washington, D.C. 20201,<br><br>     *Defendant*. | Case No.: _____ |

## COMPLAINT

1.     This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking the release of records requested by Public Health Reform Alliance ("PHRA") from the United States Department of Health and Human Services ("HHS").

## PARTIES

2.     Plaintiff Public Health Reform Alliance is a nonpartisan organization that educates the public on the public health system and promotes government transparency and accountability in public health agencies. In furtherance of its public education mission, PHRA regularly issues FOIA requests.

3. Defendant United States Department of Health and Human Services is an agency within the meaning of 5 U.S.C. § 552(f)(1). Multiple agency components within HHS have possession, custody, and control of records to which PHRA seeks access and which are the subject of this Complaint, including Centers for Medicare and Medicaid Services ("CMS").

## JURISDICTION AND VENUE

4. This Court has personal and subject matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA and PHRA is deemed to have exhausted its administrative remedies.

5. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## STATEMENT OF FACTS

6. On June 28, 2024, pursuant to FOIA, PHRA sent to CMS, a component of Defendant, a FOIA request asking for:

    a. "From June 5, 2024, through the date the search begins, records of communications, to, from, and including the listed custodians regarding the Westhealth-Gallup 2024 Survey on Aging in America."

    b. "From June 5, 2024, through the date the search begins, records of communications to, from, and including the listed custodians regarding Gallup's publication titled 'Rising Concerns Over Future of Medicare and Social Security.'"

  c. "From May 20, 2024, through the date the search begins, records of communications to, from, and including the listed custodians regarding and/or with Gallup's Dan Witters."

PHRA listed ten different custodians (the "FOIA Request"). Exhibit A.

 7. On July 2, 2024, CMS responded, acknowledging receipt of the FOIA Request, and providing a tracking number. Exhibit B.

 8. Having not heard anything, on September 11, 2024, PHRA emailed CMS inquiring as to the status of the FOIA Request and asking when CMS would produce documents. Exhibit C.

 9. CMS responded that same day, noting that the search process was completed, and the FOIA Request was in the queue to be assigned to a reviewer. Exhibit C.

 10. Having not received the records, on November 8, 2024, PHRA again emailed CMS asking when it would produce records. Exhibit C.

 11. That same day, CMS responded, noting it would follow up the following week. Exhibit D.

 12. By December 6, 2024, CMS had still not given any update to PHRA, prompting PHRA to again contact CMS, inquiring as to the status of the FOIA Request. Exhibit E.

 13. To date, Defendant has not issued a final response to the FOIA Request and is in violation of FOIA's timeliness requirements.

14. Defendant continues to improperly withhold the requested information from PHRA.

## CAUSES OF ACTION

### COUNT I

### (Violation of FOIA: Failure to Comply with Statutory Deadlines)

15. PHRA incorporates by reference the above paragraphs as though set forth fully herein.

16. FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

17. On June 28, 2024, PHRA properly issued the FOIA Request.

18. PHRA has a legal right under FOIA to obtain the agency records described in the FOIA Request in a timely manner and in accordance with the requirements set forth in FOIA. Because Defendant is an "agency" subject to FOIA, it must release all non-exempt records and provide legitimate reasons for withholding any records.

19. FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. 5 U.S.C. §§ 552(a)(6)(A)–(B). If an agency requires additional time, FOIA mandates that the agency provide requesters "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" 5 U.S.C. § 552(a)(6)(B)(ii).

20. The twenty (20) business day time limit has expired for the FOIA Request. Defendant accordingly has improperly denied PHRA's access to agency

records by failing to issue final determinations on the FOIA Request, within the statutory time limit set forth in 5 U.S.C. § 552(a)(6).

21.  Defendant has further failed to comply with FOIA, insofar as it has not "arrange[d] . . . an alternative time frame" for responding to the FOIA Request. *Id.* Instead, Defendant has issued vague responses that contain neither an estimated date of completion nor an invitation to contact the agency for the purposes of negotiating an "alternative" response date. PHRA does not believe it has the ability to arrange for an alternative time frame for Defendant's final responses.

22.  PHRA has exhausted any and all administrative remedies under 5 U.S.C. § 552(a)(6)(C).

23.  PHRA has been and is currently being irreparably harmed by Defendant's unlawful withholding of the requested agency information, and PHRA will continue to be irreparably harmed until Defendant is compelled to conform their conduct to the requirements of FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PHRA respectfully requests that the Court enter judgment against Defendant, and provide PHRA with the following relief:

a. An order declaring that Defendant's actions violated PHRA's statutory rights under 5 U.S.C. § 552;

b. An Order that Defendant issue a determination, and that Defendant shall conduct a diligent search for any and all records responsive to the FOIA Request and demonstrate that it employed reasonable search

methods most technologically likely to lead to the discovery of records responsive to the FOIA Request, selected from among those methods available to Defendant;

c. An Order that Defendant produce, by a date certain, any and all non-exempt records responsive to the FOIA Request and a Vaughn index of any responsive records withheld under claim of exemption;

d. An Order awarding to PHRA its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

e. An Order granting to PHRA all further relief to which PHRA may be entitled.

Dated: February 28, 2025

PUBLIC HEALTH REFORM ALLIANCE
*By Counsel*

Respectfully submitted,

*/s/ Jesse R. Binnall*
Jesse R. Binnall (VA022)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
Email: jesse@binnall.com

*Counsel for Plaintiff*